

FILED

JUL 11 2017

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MELVIN RICHARD MULKEY, | Cause No. CV 17-33-BU-DLC-JCL |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| STATE OF MONTANA, | |
| Respondents. | |

On June 19, 2017, Petitioner Melvin Richard Mulkey filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mulkey is a state prisoner proceeding pro se.

I. **Motion to Proceed In Forma Pauperis**

Mulkey has applied to proceed in forma pauperis. (Doc. 4). Because there is no reason to delay this action, Mulkey's motion will be GRANTED.

II. **28 U.S.C. § 2254 Petition**

On May 11, 2017, Mulkey was arrested for felony DUI; it appears that a charge of felony Threat/Improper Influence was later added. (Doc. 1 at 2). Mulkey made his initial appearance in the Gallatin County Justice Court on May 15, 2017. *Id.* Mulkey states he was not brought before the District Court for a subsequent appearance until June 13, 2017, and Mulkey was not provided a

1

preliminary hearing. *Id.* Because he has not been able to post bond, Mulkey remains in custody. *Id.*

Based upon the delay of his initial appearance in district court and the denial of a preliminary hearing, Mulkey contends that his right to due process has been violated. *Id.* at 3-4. Mulkey also asserts that his bail is oppressively high and inconsiderate of his physical and mental health issues. *Id.* at 4.

### i. Analysis

For the reasons discussed below, Mulkey's petition should be dismissed because the claims he advances relative to his current custody have not yet been exhausted. Dismissal should be without prejudice.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d

2

1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

Mulkey's own filings demonstrate that his state proceedings are still in their initial stages. While Mulkey could conceivably state a cognizable due process claim at this juncture, it does not relieve him of the burden of first presenting such a claim to the state courts. The Court has reviewed the Montana Supreme Court Docket, and it does not appear that Mulkey has attempted to file any action challenging the process to which he believes he has been denied.[1] Accordingly, there are still remedies available to Mulkey under state law, including extraordinary, direct, and collateral review. Because Mulkey has not yet exhausted his available state court remedies, this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice and Mulkey may return to this Court if and when he fully exhausts the claims relative to his current custody in the state courts.

  **ii.**  **Certificate of Appealability**

---

[1] See generally: https://supremecourtdocket.mt.gov/search/acsearch (accessed July 10, 2017).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Mulkey has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## ORDER

1. Mr. Mulkey's Motion for Leave to Proceed in Forma Pauperis (Doc. 4) is

GRANTED.

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Mulkey may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Mulkey must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 11th day of July, 2017.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.